LM:BGK
F. # 2021R00007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| IN RE THE SEIZURE OF: | AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT |
| ANY AND ALL FUNDS ON DEPOSIT OR FORMERLY ON DEPOSIT IN CAPITAL ONE, NA ACCOUNT NUMBER 36087857307 HELD IN THE NAMES OF EDILI ORTIZ AND DIONNY DURAN, UP TO AND INCLUDING THE SUM OF ONE HUNDRED THIRTY-ONE THOUSAND NINE HUNDRED DOLLARS AND NO CENTS ($131,900.00), AND ALL PROCEEDS TRACEABLE THERETO; | Case No. 21-MJ-147 |

- - - - - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

   ANTHONY J. CALDERARO, being duly sworn, deposes and states as follows:

   1. I am a Special Agent with the Internal Revenue Service-Criminal Investigation ("IRS-CI") and have been so employed for approximately two years. As a Special Agent, I have investigated numerous matters during the course of which I have conducted physical surveillance, interviewed witnesses, and used other investigative techniques to secure relevant information regarding a variety of crimes. I am familiar with the facts and circumstances set forth below based upon my personal review of records, documents and other physical evidence obtained during this investigation, and from communications and information provided to me by fellow agents and other government personnel with knowledge related to this investigation.

2. This affidavit is made in support of an application warrant authorizing the seizure of:

> any and all funds on deposit or formerly on deposit in Capital One, NA ("Capital One") account number 36087857307 held in the names of Edili Ortiz and Dionny Duran, up to and including the sum of one hundred thirty-one thousand nine hundred dollars and no cents ($131,900.00), and all proceeds traceable thereto (the "SUBJECT ACCOUNT").

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a seizure warrant, it does not include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported only in substance and in part, unless otherwise indicated.

4. As set forth below, there is probable cause to believe that the SUBJECT ACCOUNT is subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(b), and 28 U.S.C. § 2461(c), as representing property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343. Specifically, there is probable cause to believe that Edili Ortiz violated Section 1343 of Title 18 by obtaining funds from the Small Business Administration by means of one or more materially false and fraudulent representations and promises in an application that he submitted via the Internet.

## STATUTORY AND REGULATORY FRAMEWORK

5. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in [18 U.S.C. §] 1956(c)(7), or a conspiracy to commit such offense" is subject to forfeiture to the United States.

2

6. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1961(1). Section 1961(1) includes wire fraud in violation of 18 U.S.C. § 1343.

7. Pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), as incorporated by 28 U.S.C. § 2461(c), this Court is empowered to issue a seizure warrant for any property subject to forfeiture under 18 U.S.C. § 981. Pursuant to 18 U.S.C. § 981(b)(2), seizures pursuant to this section "shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure

8. In any civil forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## THE INVESTIGATION

9. The Small Business Administration ("SBA") is a federal agency of the Executive Branch that administers assistance to small businesses in the United States. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on or about March 27, 2020 designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. The Economic Injury Disaster Loan ("EIDL") Program is a loan program administered by the SBA.

10. The CARES Act expanded the EIDL Program, which provides small businesses with low-interest loans of up to two million dollars as economic support to help offset the temporary loss of revenue experienced by businesses due to the COVID-19

3

pandemic. To qualify for an EIDL under the CARES Act, an applicant must have suffered "substantial economic injury" from COVID-19, based upon a company's actual economic injury determined by the SBA. EIDL funds may be used for payroll and other costs as well as to cover increased costs due to supply chain interruption, to pay obligations that cannot be met due to revenue loss, and for other similar uses. The CARES Act also permits applicants to request an advance of up $10,000 to pay allowable working capital needs, which is expected to be paid by the SBA within three days of submission of an EIDL application, provided the application contains a self-certification under penalty of perjury of the applicant's eligibility for an EIDL. The SBA directly makes loans to applicants under the EIDL Program.

11. Edili Ortiz ("Ortiz") is 19 years old and currently maintains a residence at 257 Lincoln Avenue, Brooklyn, New York (the "Ortiz Residence"). Ortiz opened the SUBJECT ACCOUNT on December 10, 2019 and Ortiz and Dionny Duran are signatories on the account. Ortiz is a national/citizen of the United States and therefore qualifies as a "United States person" for purposes of 18 U.S.C. § 1957(d). According to information received from the bank, Dionny Duran is Ortiz's sister.

12. Based on the information obtained from the SBA, Ortiz, applied for an EIDL on or about July 14, 2020 for her transportation business bearing her name, Edili Ortiz. She listed the Ortiz Residence as the company's place of business and loan address. The EIDL application also listed Ortiz's Social Security Number as the company's Taxpayer Identification Number. The EIDL application was submitted via the Internet through an online portal and was received and processed at a location outside the State of New York.

4

13. In the EIDL application, Ortiz represented, in substance and in part, that she was the owner of the company and that the company commenced business operations on or about November 26, 2019. Ortiz further stated in the application that the company had one employee, gross revenues of $271,364.00, and $550.00 in cost of goods sold. The EIDL application further stated that basis for seeking the loan was that the purported business suffered economic injury due to the COVID-19 pandemic.

14. On or about July 14, 2020, the SBA authorized a $132,000 loan to Ortiz. The same day, Ortiz signed a Loan Authorization and Agreement with the SBA in which she certified, among other things, the following: "All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct, and complete and are offered to induce SBA to make this Loan." Ortiz submitted the signed Loan Authorization and Agreement to the SBA electronically.

## THE SUBJECT ACCOUNT

15. On or about July 21, 2020, a wire transfer of $131,900 from the United States Treasury, representing SBA EIDL proceeds, was received by Capital One and the funds were deposited into the SUBJECT ACCOUNT. Subsequent to receiving the funds, Ortiz immediately withdrew a total of $22,000 from the SUBJECT ACCOUNT. The withdrawal of these funds was executed through a of $2,000 ATM withdrawal and $20,000 counter withdrawal at Capital One's Cypress Hills Branch in Brooklyn, NY on July 21, 2020.

16. On or about July 21, 2020, a representative of Capital One spoke with Ortiz regarding the receipt of the $131,900 from the United States Treasury and subsequent withdrawal of funds. At that time, Ortiz stated the funds "were backpay from the IRS."

5

Subsequently, and contradicting her earlier statement, Ortiz advised Capital One that the funds were for a "home loan from the SBA." After being advised by a representative of Capital One that the SBA loans were for the purpose of assisting business owners during the pandemic, Ortiz provided a third explanation to Capital One, claiming that the loan "was for a car as she is an independent contractor for Uber."

17. The IRS investigation, which included a search of multiple government and public databases including the New York Secretary of State, failed to identify any transportation business operating by Edili Ortiz in New York or elsewhere. However, the IRS investigation revealed that Ortiz operated as an independent contractor for Uber Technologies. Inc. ("Uber") since on or about November 26, 2019.

18. Based on documents provided by Uber and a review of bank records obtained during the course of the investigation, it was determined Ortiz's earnings statements from Uber totaled $2,607.01 in 2019 and an additional $3,248.02 in January 2020, which represented the one year period prior to the COVID-19 pandemic. In addition, a further review of bank and financial records determined that Ortiz does not appear to have received any income from any transportation businesses, other than from Uber and from New York State Unemployment. Therefore, the investigation determined Ortiz fraudulently obtained the EIDL funds based on grossly overstating the gross receipts of the transportation business she operated.

19. Based on the above inconsistent statements by Ortiz, Capital One froze the account and restricted activity based on suspected fraud on July 21, 2020. Currently, the SUBJECT ACCOUNT has a balance of approximately $110,914.05.

6

20. Based on the foregoing investigation, it was determined Ortiz fraudulently obtained the EIDL funds by grossly overstating the gross receipts of her transportation business and further attempted to disguise this loan by making inconsistent and false statements to bank officials when questioned about the its purpose.

## CONCLUSION

21. Based on the foregoing facts, there is probable cause to believe that Ortiz engaged in wire fraud by submitting an application to the SBA with materially false statements which induced the United States Treasury to wire approximately $131,900 to the SUBJECT ACCOUNT.

22. Based on the facts set forth above, there is probable cause to believe that the funds contained in the SUBJECT ACCOUNT constitute proceeds of Edili Ortiz's wire fraud activity in violation of 18 U.S.C. § 1343, or property traceable to such proceeds, and are therefore subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

23. Accordingly, I respectfully request that the Court issue a seizure warrant pursuant to 18 U.S.C. § 981(b) and 28 U.S.C. § 2461(c), authorizing seizure of the SUBJECT ACCOUNT.

/s Anthony J. Calderaro
ANTHONY J. CALDERARO
Special Agent, Internal Revenue Service

Sworn to before me by telephone
this 3rd day of February, 2021

/s Roanne L. Mann
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK